# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

:

    Plaintiff,                                  Case No. 3:08-cr-037

:         District Judge Walter Herbert Rice

  -vs-                                      Magistrate Judge Michael R. Merz

BUTCH R. DIXON,

:

    Defendant.

---

## DECISION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO AMEND AND REQUEST FOR EXTENSION OF TIME

---

Defendant Butch R. Dixon filed a Petition for Writ of Coram Nobis on May 2, 2011 (Doc. No. 66). The Petition contains several strong admonitions to the Court not to construe it as a motion to vacate judgment under 28 U.S.C. § 2255. See, e.g., "INTRODUCTION This petition is presented by Butch Dixon pursuant to the All Writs Act Title 28 U.S.C. § 1651 Writ of Error Coram Nobis and is not a motion under 28 U.S.C. § 2255." "CAVEAT Petitioner objects to any recharacterization of the pleading except to grant the relief sought." (PageID 1040)

A federal prisoner has a right not to have a post-conviction filing construed as a § 2255 motion because the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA") limits a prisoner to one such motion (unless he or she obtains permission from the Court of Appeals to file a second or successive petition). *Castro v. United States*, 540 U.S. 375 (2003). Because of that limitation, the Magistrate Judge carefully did **not** construe the Petition as a § 2255 motion.

-1-

However, while there is no filing fee for a § 2255 motion, a petition for writ of error coram nobis is a new collateral proceeding and requires a petitioner to pay a filing fee of $350. Moreover, a prisoner cannot avoid paying the full filing fee for a new civil case by obtaining leave to proceed *in forma pauperis*. Rather, a prisoner must pay the full filing fee in installments as required by the Prison Litigation Reform Act ("PLRA"). The Magistrate Judge informed Defendant of these requirements and ordered that he file under the PLRA or pay the filing fee by June 1, 2011 (Order, Doc. No. 67).

Instead, Defendant has filed the instant Motion in which he claims, without any evidence, that "the Magistrate was leaning toward construing the filing as a Title 28 USC § 2255." Not so. As recited above and proved by the docket, the Magistrate Judge was following Defendant's instructions and **not** construing the Petition as a § 2255 motion.

All of that is history because Defendant now says he wants to have the Clerk re-file the Petition as a § 2255 motion (Motion, Doc. No. 68). Re-filing is not necessary. As of the date of this Order, the Petition is accepted as filed as a § 2255 motion.

Petitioner then asks that the Court grant a 60-day extension "to allow petitioner to amend the parent pleading so that the court can adjudicate all issues in one filing." This request is granted. Defendant shall file his amended § 2255 motion not later than July 18, 2011. No further analysis or process will be done with the case pending that amended motion. This extension does not grant Defendant any extension of the statute of limitations, but that would appear to be unnecessary

because it appears the judgment in this case was not final until the United States Supreme Court denied certiorari on January 18, 2011.

May 19, 2011.

s/ **Michael R. Merz**
United States Magistrate Judge
