# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

      Plaintiff,           :          Case No. 3:08-cr-037
                                      Also 3:11-cv-219

                                      District Judge Walter Herbert Rice
    -vs-                               Magistrate Judge Michael R. Merz
                              :

BUTCH R. DIXON,

      Defendant.

## REPORT AND RECOMMENDATIONS

This case is before the Court for initial review of Petitioner's Motion to Vacate Under Section 2255.[1]  Under Rule 4 of the Rules Governing § 2255 Motions, such a motion is to be promptly examined by a judge and "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party."  The General Order of Assignment and Reference at Dayton refers all collateral attacks on judgments to the Magistrate Judges for recommendations on appropriate disposition.

---

[1] Defendant initially sought to attack his conviction by filing a petition for writ of error coram nobis which he made very clear on the face of the pleading was not to be construed as a motion to vacate under § 2255 (Doc. No. 66).  He later sought and was granted time to re-file his petition as a § 2255 motion (Doc. Nos. 68, 69, 70).

**Procedural History**

On March 4, 2008, the grand jury for this District returned a two count indictment charging Defendant with attempting to possess with intent to distribute in excess of five kilograms of cocaine (Count One) and possession with intent to distribute oxycodone (Count Two). The case was tried to a jury which convicted Defendant on Count One and acquitted him on Count Two (Doc. No. 31). Defendant was sentenced to the mandatory minimum ten years imprisonment on Count One (Doc. No. 37). With new appointed counsel he appealed to the Sixth Circuit which affirmed. *United States v. Dixon*, 396 Fed. Appx. 183, 2010 U.S. App. LEXIS 19160 (6th Cir. Sept. 8, 2010). The Supreme Court denied a writ of certiorari. *United States v. Dixon*, 131 S. Ct. 1026 (2011), and Defendant timely filed the instant Motion collaterally attacking the judgment.

Defendant pleads the following grounds for relief:

> **Ground One**: Fraud on the court; unconstitutional indictment.
>
> **Ground Two:** Ineffective assistance of counsel: failure to investigate and prepare for trial.

(Motion, Doc. No. 73, PageID 1090-1091.)

**Analysis**

**Ground One**

In his first ground for relief, Defendant asserts the indictment in this case is not a legal or true indictment because it is not signed by an attorney for the Government. When his papers are read thoroughly, he is seen also to challenge failure to the Government to file the grand jury concurrence form and failure of the indictment as filed to have the actual signature of the grand jury

2

foreperson  (Dixon Affidavit, Doc. No. 73-2, PageID 1086).

The procedural default defense in habeas corpus is described by the Supreme Court as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an adequate and independent state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause of the default and actual prejudice as a result of the alleged violation of federal law; or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see also Simpson v. Jones,* 238 F. 3d 399, 406 (6th Cir. 2000).  That is, a petitioner may not raise on federal habeas a federal constitutional right he could not raise in state court because of procedural default. *Wainwright v. Sykes*, 433 U.S. 72 (1977); *Engle v. Isaac*, 456 U.S. 107 (1982).  Absent cause and prejudice, a federal habeas petitioner who fails to comply with a State's rules of procedure waives his right to federal habeas corpus review. *Boyle v. Million*, 201 F.3d 711, 716 (6th Cir. 2000); *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Engle v. Isaac*, 456 U.S. 107 (1982);  *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977).  *Wainwright* replaced the "deliberate bypass" standard of *Fay v. Noia,* 372 U.S. 391 (1963).

Failure to raise a constitutional issue at all on direct appeal is subject to the cause and prejudice standard of *Wainwright v. Sykes*, 433 U. S. 72 (1977).  *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Mapes v. Coyle,* 171 F.3d 408, 413 (6th Cir. 1999); *Rust v. Zent,* 17 F.3d 155 (6th Cir. 1994); *Leroy v. Marshall*, 757 F.2d 94 (6th Cir. 1985).  Failure to present an issue to the state supreme court on discretionary review constitutes procedural default.  *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999).  "Even if the state court failed to reject a claim on a procedural ground, the petitioner is also in procedural default 'by failing to raise a claim in state court, and pursue that claim through the state's ordinary appellate procedures.'" *Thompson v. Bell*, 580 F.3d 423 (6th Cir.

3

2009), citing *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006).

The procedural default analysis of *Wainwright* and its progeny is fully applicable to §2255 motions. *United States v. Frady*, 456 U.S. 152 (1982); *Kaufman v. United States*, 394 U.S. 217 (1969); *Ratliff v. United States*, 999 F.2d 1023 (6th Cir. 1993).

Defendant candidly admits that this claim is in "double procedural default" (*Id.*) in that it was never previously raised in this Court and also not raised on appeal. He argues that the ineffective assistance of his counsel, both trial and appellate, excuses these defaults.

Constitutionally ineffective assistance of counsel can excuse a procedural default. *Murray v. Carrier, supra*. To establish ineffective assistance of counsel, a post-conviction petitioner must show that counsel performed deficiently under prevailing standards of professional conduct at the time of the trial or appeal and that he or she was prejudiced by that deficiency. *Strickland v. Washington,* 466 U.S. 668 (1984).

Of course, if the argument that an attorney failed to make his invalid, failure to make it would have been neither deficient performance nor prejudicial. Because Defendant's arguments here have no merit, it was not ineffective assistance of counsel to fail to make them.

He complains first that the grand jury concurrence form provided for in Fed. R. Crim. P. 6(d) has not been filed. While it has not been filed and docketed in this case, that is not what the Rule provides. Because grand jury proceedings are secret, the grand jury records are filed under seal by the Clerk separately from case files; concurrence forms are filed in those records.

Defendant secondly complains that the Indictment is not signed by the grand jury foreperson. However, Fed. R. Crim. P. 7(c) only requires a signature of "an attorney for the government."

Defendant finally complains that the Indictment is not signed by an attorney for the government. It bears the purported signature of Vipal Patel who was an assistant United States Attorney for this District at the time of the Indictment, but Defendant avers "the signature is facially

4

not the signature of Vipal J. Patel." (Dixon Affidavit, Doc. No. 73-2, ¶ 18, PageID 1086.) However, Defendant offers no basis on which he is a competent witness as to the genuineness of Mr. Patel's signature.

All three of these complaints are about the form of the Indictment. Fed. R. Crim. P. 12(b)(3)(B) provides that any such defects must be raised by motion before trial. The reason is obvious – defects of form can be corrected prior to trial to avoid prejudice to either party.

Defendant seems to suggest in his papers that these defects deprive the Court of jurisdiction, but that is not so. There is no doubt that the Indictment charges felony offenses against federal law occurring in this judicial district; the federal district courts have had exclusive subject matter jurisdiction of such offenses since the Judiciary Act of 1789.

Because Defendant's first ground for relief is without merit, it was not ineffective assistance of trial counsel or ineffective assistance of appellate counsel for his attorneys to fail to raise it and therefore his procedural default of this claim is not excused. The first ground for relief should be dismissed with prejudice.

**Ground Two**

In his second ground for relief, Defendant asserts he received ineffective assistance of trial counsel when his trial attorney failed to investigate and prepare for trial. In arguing this claim, Defendant acknowledges the *Strickland v. Washington* standard and offers a lengthy explication of *Wiggins v. Smith,* 539 U.S. 510 (2003).

However, Defendant's Motion is short on particulars. He asserts his attorney "made no discovery, hired no investigator, and did no independent investigation." (Motion, Doc. No. 73, PageID 1078.) But he does not even argue, much less provide evidence to show, what an

5

independent investigation would have shown. In contrast, note that the Supreme Court in *Wiggins, supra*, had before it actual evidence which would have been found and could have been introduced if counsel had found it. To prevail on a claim of ineffective assistance of trial counsel based on failure to investigate, a defendant must make some showing of what would have been found.

Defendant does allege two specific failures of defense counsel at trial, failure to call Scott Houchins, identified in the Motion as a "CI," and Petitioner's cousin Kevin Tincher to testify. However, he fails to identify any testimony either one of them would have given which would have been favorable to his defense. Confusingly, he also alleges a violation of his Confrontation Clause rights by the failure to call Houchins, but does not indicate specify any out-of-court statements by Houchins which were admitted against him.

Because Defendant has not shown (as opposed to alleging in conclusory fashion) any deficient performance by his trial attorney or prejudice from trial attorney conduct, his second ground for relief should be dismissed with prejudice.

## Conclusion

Based on the foregoing analysis, the Motion to Vacate should be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Defendant should be denied any requested certificate of appealability or leave to appeal *in forma pauperis*.

June 25, 2011.

s/ **Michael R. Merz**  
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).